UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBIE CASON, an individual,
on behalf of herself and others
similarly situated,

    Plaintiff,

v.

VIBRA HEALTHCARE, VIBRA
HOSPITAL OF SOUTHEAST
MICHIGAN, and DOES 1 through 10,

    Defendants.
_____/

Hon. John Corbett O'Meara

Case No. 10-10642

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

Before the court is Plaintiff's motion for conditional certification, filed February 7, 2011. Defendants filed a response on February 28; Plaintiff filed a reply brief on March 7 and supplemental authority on April 19. The court heard oral argument on April 21, 2011, and took the matter under advisement.

### BACKGROUND FACTS

Plaintiff Bobbie Cason, a registered nurse and former employee of Defendants, filed her collective action complaint on February 12, 2010. Cason alleges that the Defendant health care services companies and hospitals violated the Fair Labor Standards Act ("FLSA") by failing to pay employees for time worked during their meal breaks. According to Cason, Defendants automatically deduct 30 minutes for a meal break when an employee has worked a certain number of hours, even though employees regularly worked through their scheduled meal breaks.

Cason contends that Defendants impermissibly shifted the burden to the employees to inform their managers when they worked through their breaks. As a registered nurse, Cason alleges that she was expected to work through breaks when patient care needs demanded it.

Cason alleges that she was employed by a hospital that was part of the Kindred Healthcare, Inc. network until the spring of 2008, when the hospital became part of the Vibra Healthcare network and Cason became a Vibra employee. Compl. at ¶ 7. Plaintiff's claims against Kindred Hospital were transferred to the Northern District of Illinois and consolidated with a previously filed, related action. Plaintiff's remaining claims here are against Vibra Healthcare and Vibra Hospital of Southeast Michigan.

Vibra Healthcare owns fifteen healthcare facilities nationwide, including Vibra Hospital.[1] The other facilities are located in California, Colorado, Texas, Oregon, Kentucky, and Indiana. During the past three years, only seven of these facilities have used automatic meal break deductions: Vibra Michigan, Southern Kentucky Rehabilitation Hospital, New Bedford Rehabilitation Hospital, Marlton Rehabilitation Hospital, Vibra Hospital in Colorado, Vibra Specialty Hospital of Dallas, and Vibra Specialty Hospital of Portland. Defendants contend that the practices governing the automatic meal break deductions – as well as the taking of meal breaks – vary among the seven facilities. See Defs.' Br. at 4-5; Defs.' Ex. M.

Plaintiff seeks conditional certification of a class described as follows: "All persons employed within the three years preceding the filing of this action, on a non-exempt, hourly basis, whose pay was subject to an automatic 30 minute meal period deduction, and whose

---

[1] Vibra Healthcare denies that it is an "employer" under the FLSA of the employees of the fifteen entities; however, it does not elaborate on this argument, choosing instead to focus on the collective action issue.

employment with Defendants was not governed by a collective bargaining agreement."

## LAW AND ANALYSIS

Under the FLSA, an employee may sue on her own behalf and on behalf of others "similarly situated." See Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006). Section 216(b) of the FLSA establishes two requirements for a representative action: 1) the plaintiffs must actually be "similarly situated," and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action. Id.; 29 U.S.C. § 216(b).

Certification of an FLSA action generally proceeds in two phases; the first at the beginning of discovery, and the second at the completion of discovery. See Comer, 454 F.3d at 546. The first stage involves conditionally certifying a class for notice purposes, so that potential plaintiffs have the opportunity to opt in. Id. At this stage, certification is "conditional and by no means final." Id. (citation omitted). "This initial standard is fairly lenient, and in order to meet this standard, Plaintiffs must simply submit evidence establishing at least a colorable basis for their claim that a class of 'similarly situated' plaintiffs exists." Olivo v. GMAC Mortgage Corp., 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004) (internal quotations omitted). "[I]t is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or conduct in conformity with that policy proves a violation as to all the plaintiffs." O'Brien v. Ed Donnelly Enters., 575 F.3d 567, 584 (6th Cir. 2009).

At the first stage of the analysis, the "Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." Wlotkowski v. Michigan Bell Tel. Co., 267 F.R.D. 213 (E.D. Mich. 2010) (Edmunds, J.). Plaintiffs seek this

type of conditional certification here.  "At the second stage, following discovery, trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated."  Comer, 454 F.3d at 546.

Defendants oppose Plaintiffs' request for conditional certification on several grounds. Defendants suggest that, because the parties have already engaged in some discovery, the court should apply a more stringent standard to the question of whether a class of "similarly situated" plaintiffs exists.  Defendants argue, however, that regardless of the standard used, Plaintiff has not shown that she is similarly situated to other potential class members.  First, Defendants contend that the proposed class is overly broad, in that it encompasses all hourly employees – not just nurses –  at the fifteen facilities owned by Vibra Healthcare nationwide.  Second, Defendants point out that Plaintiff has not identified any other potential plaintiffs who intend to opt in to the class.  Third, Defendants contend that Plaintiff has not identified a common unlawful policy or practice.

Although the standard for granting conditional certification is relatively lenient, Plaintiff has not met that standard for the class described here.[2]  First, Plaintiff has not identified any other person who claims that her FLSA rights were violated by the automatic meal break deduction policy.  Although this is not necessarily dispositive, it counsels against certifying the

---

[2] Some courts apply a more stringent standard after some discovery has been conducted. The court declines to impose a more stringent standard at this stage.  See Gortat v. Capala Bros., 2010 WL 1423018 (E.D. N.Y. Apr. 9, 2010) ("It would not sensibly serve the purposes of the two-step scheme to impose on plaintiffs a heightened burden of proving that as-yet-unknown plaintiffs are similarly situated.").

extremely broad class of employees Plaintiff has identified.[3]  Plaintiff asserts that she was denied meal breaks as a result of patient care needs.  This evidence does not raise an inference that all employees in every job category were subject to similar pressures to work through breaks.  Indeed, Plaintiff has admitted that she is not aware of how meal breaks worked for any employees other than those in direct patient care roles at Vibra Michigan.  Nor is she aware of employees at other Vibra hospitals working through meal breaks without compensation.  Under these facts, Plaintiff cannot show that she is "similarly situated" to all hourly employees at all of Vibra's facilities, even under a lenient standard.  This is particularly true given that the parties have conducted some discovery already.

Moreover, the use of an automatic meal break deduction, in itself, does not violate the FLSA.  See Frye v. Baptist Mem. Hosp., Inc., 2010 WL 3862591 (W.D. Tenn., Sept. 27, 2010) (decertifying collective action alleging illegal automatic meal break deduction policy); cf. Lindberg v. UHS of Lakeside, LLC, 2011 WL 204832 (W.D. Tenn., Jan. 21, 2011).  In Lindberg, the court certified a collective action where "Plaintiffs have made a modest showing that Defendants utilized an auto-deduction policy that placed the burden of correction on hourly employee, Defendants were aware of, permitted, and/or demanded that employees continue to work during unpaid meal periods, and Defendants routinely ignored or discouraged the use of time adjustment forms to reverse the automatic deduction."  In this case, Plaintiff has not made a similar showing.  Rather, Defendants have provided declarations that (1) all of Vibra's facilities

---

[3] Indeed, the court has not found a single case in which conditional certification was granted based upon the allegations of a single employee.  Cf. Guess v. U.S. Bancorp, 2008 WL 544475 (N.D. Cal. Feb. 26, 2008) (denying conditional certification without prejudice where evidence consisted of the plaintiff's own allegations).

have policies requiring non-exempt employees to inform management if they have missed/interrupted meal breaks so that the automatic deduction is cancelled; and (2) employees routinely follow this policy to report missed breaks and get compensated for them. See Defs.' Exs. F - N. Plaintiff has not provided evidence to rebut this; for example, that Defendants have a practice of routinely ignoring their written policies.

Plaintiff's own experience at Vibra Michigan does not justify the conditional certification of a collective action against several Vibra facilities nationwide. Although the standard for granting conditional certification is lenient, it is not non-existent. Accordingly, the court will deny the motion for conditional certification. Plaintiff may, of course, pursue her FLSA claim on her own behalf.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's February 7, 2011 motion for conditional certification is DENIED.

s/John Corbett O'Meara
United States District Judge

Date: May 3, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 3, 2011, using the ECF system.

s/William Barkholz
Case Manager